LAW OFFICES OF
**FREDERICK K. BREWINGTON**
*ATTORNEYS AND COUNSELORS AT LAW*
556 PENINSULA BLVD.
HEMPSTEAD, N. Y. 11550

TELEPHONE: (516) 489-6959
FACSIMILE: (516) 489-6958

**FREDERICK K. BREWINGTON**

--------

**IRA FOGELGAREN**

--------

**GREGORY CALLISTE, JR.**
**VALERIE M. CARTRIGHT**
**G. WILLIAM GERMANO, JR.**
**MARJORIE MESIDOR**

February 22, 2011

**VIA ELECTRONIC CASE FILING**
District Judge Joseph F. Bianco
United States District Court
Long Island Federal Courthouse
100 Federal Plaza
Central Islip, New York 11722

      re:    Genovese v. Town of Southampton
             Docket No.: 10-CV-3470

Dear Judge Bianco:

      We respectfully submit this letter in response the Town of Southampton Town Attorney's letter, dated February 8, 2011 and electronically filed February 11, 2011, requesting permission to file a motion based upon the defense of qualified immunity.

      First, the defense of qualified immunity is an affirmative defense that must be pleaded in the Defendants' answer. Currently pending before the Court is the Town's request that a default not be entered as and against the Town of Southampton and Robert Iberger. On or about January 18, 2011, the Court Ordered the aforementioned Defendants to respond in writing as to why default should not be entered against the Town of Southampton and Robert Iberger. The Town Attorney filed the necessary affidavit and Plaintiff replied. As the Court is aware, the Town of Southampton failed to timely answer or otherwise move after being timely served with process and being granted a generous extension. As of the filing of this letter opposition, the Court has not made a decision regarding the default.

*Judge Bianco*
*February 22, 2011*
*Page 2*

Qualified immunity is an affirmative defense to be established by a defendant. The "burden rests on the defendants to raise the defense in their answer and to establish the defense on a motion for summary judgment or at trial." Lee v. Sandberg, 136 F.3d 94, 101 (2d Cir. 1997). Here, as suggested in Plaintiff's most recent letter to the Court, dated February 11, 2011, the Town of Southampton and Robert Iberger never answered the Complaint and therefore have not raised any affirmative defenses that now, at this point in time, would be procedurally proper upon which a motion seeking to shield Mr. Iberger from liability may be based.

Second, a defendant presenting an immunity defense on a Rule 12(b)(6) motion "instead of a motion for summary judgment must accept the more stringent standard applicable to this procedural route." Crews v. County of Suffolk, 2007 WL 4591325, at *16 (E.D.N.Y. Dec. 27, 2007) (internal citations omitted). In such situations, "plaintiff is entitled to all reasonable inferences from the facts alleged, not only those that support his claim, but also those that defeat his immunity defense." Id. Further, as the Southern District opined, the "fate of an official with qualified immunity depends upon the circumstances and motivations of his actions, as established by the evidence at trial." McCray v. City of New York, 2007 WL 4352748, at *18 (S.D.N.Y. Dec. 11, 2007).

The matter whether a "defendant officials' conduct was objectively reasonable, i.e. whether a reasonable official would reasonably believe his conduct did not violate a clearly established right, is a mixed question of law and fact." Talley v. Brentwood Union Free School Dist., 728 F.Supp.2d 226, 235 (E.D.N.Y. 2010) (internal citations omitted). A reasonable law enforcement officer must know and believe that the wrongful detention and labeling of Plaintiff as a "terrorist" would deprive her of her civil and Constitutional rights.

In the case at bar, not only is there an inexcusable default, but issues of fact exist about whether Mr. Iberger's conduct was Constitutionally permissible; thus, the factual questions must be resolved by a fact finder because the allegations are clearly in dispute. See Talley, 728 F.Supp.2d at 235. The Plaintiff has alleged the following violations as and against Mr. Iberger: (1) federal Constitutional violations pursuant to 42 U.S.C. §§ 1983 and 1986; (2) various New York State Constitutional violations pursuant to Article I §§ 6, 8, 11, and 12; and (3) other State causes of action including false imprisonment, false arrest, malicious prosecution, assault, battery, and intentional and negligent infliction of emotional distress.

The allegations pertaining to Mr. Iberger in the instant case indicate that he was the officer who initiated the stop of Plaintiff and thereafter first labeled her a "terrorist." It was Mr. Iberger who unlawfully confiscated and retained the memory card belonging to Plaintiff that holds the images of the decorative helicopter Plaintiff attempted to capture that day. In fact, that memory card has never been returned to the Plaintiff even though the criminal charge lodged against Plaintiff was dismissed. It was Mr. Iberger, in concert with Defendant Robert Carlock, who unlawfully searched Plaintiff's vehicle and removed the properly registered, locked, and stored firearm from it. It was Mr. Iberger's improper detainment that led to Plaintiff's improper charge of criminal trespass in the third degree,

*Judge Bianco*
*February 22, 2011*
*Page 3*

even though, from the start, Plaintiff was accused and threatened by Mr. Iberger that she posed a terrorist threat and would therefore be charged and treated as a terrorist. It was Mr. Iberger's actions that precipitated her six hour roadside detainment, her trumped up bail set at $50,000.00 for a low level misdemeanor charge, and her four day suicide watch – among other issues.

Plaintiff was on a public thoroughfare when she was attempting to take a photograph of the decorative helicopter, which sits on display to any person driving down the public roadway. As a matter of law and in accordance with the First Amendment, there is no federal law or other regulation prohibiting photography from a public plaza. Here, the airport in question is county owned and operated. The Francis S. Gabreski Airport is and described by the County of Suffolk as a "general aviation" airport. Suffolk County Government, http://www.co.suffolk.ny.us/departments/housing/gabreskiairport.aspx (last visited Feb. 22, 2011). Plaintiff did not engage in an arrestable offense when she situated her vehicle on the shoulder of the public roadway before taking photographs (for personal reasons and not for advertising or trade purposes) of the decorative helicopter. Plaintiff's First, Fourth, and Fifth, and Fourteenth Amendment rights and privileges to the Constitution were deprived when she was falsely detained, falsely imprisoned, falsely arrested, and maliciously prosecuted for participating in an activity that is not illegal.

A right is clearly established if: (1) it was defined with reasonable clarity, (2) the Supreme Court or the Second Circuit has affirmed the right, and (3) a reasonable defendant would have understood that his conduct was unlawful. Young v. County of Fulton, 160 F.3d 899, 903 (2d Cir.1998) The question is "not what a lawyer would learn or intuit from researching case law, but what a reasonable person in [the] defendant's position should know about the constitutionality of the conduct." Distiso v. Town of Wolcott, 352 Fed.Appx. 478 (2d Cir. 2009).

Here, Defendant Iberger knew or should have known Plaintiff's conduct was not in violation of any law before he took Plaintiff's liberty and commenced a full fledged FBI and Homeland Security investigation against Plaintiff that led to numerous Constitutional violations and Plaintiff suffering money damages, physical pain and suffering, and severe mental anguish.

Accordingly, Defendant Robert Iberger is not entitled to the legal defense of qualified immunity.

We thank the Court for its consideration.

Sincerely,

G. WILLIAM GERMANO, JR.

cc:   Richard Dunne, Esq. *(via ECF and electronic mail)*
      Jeltje deJong, Esq. *(via ECF and electronic mail)*